IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KEITH HOBBS and JEREMY JACKSON, *individually and on behalf of others similarly situated*, | * * * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:18-CV-247 (CDL) |
| ENTREVOICE VIRTUAL SOLUTIONS, INC. and JOSELYN CORNEJO, | * * | |
| Defendants. | * | |

O R D E R

Plaintiffs Keith Hobbs and Jeremy Jackson filed this class action complaint against Entrevoice Virtual Solutions, Inc. and its CEO, Joselyn Cornejo. They allege that Entrevoice and Cornejo violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making autodialed solicitations to cellular telephone numbers. Because neither Entrevoice nor Cornejo answered or otherwise defended in this action, the Clerk entered a default against them. Plaintiffs now ask the Court to certify the class identified in their complaint before entering default judgment (ECF No. 9).

Although the issue has not been squarely addressed in this Circuit, the Court notes preliminarily that Defendants' default likely does not preclude the Court from certifying a class against

them if class certification is appropriate under Federal Rule of Civil Procedure 23. *See Acticon AG v. China N.E. Petroleum Holdings Ltd.*, 687 F. App'x 10, 12 (2d Cir. 2017) (finding a district court abused its discretion by denying as moot a plaintiff's motion for class certification against a defendant in default). But, because a "defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction," the Court finds it prudent to address the issue of personal jurisdiction before deciding whether to certify a class action in this case. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."). Plaintiffs' counsel, at the Court's direction, has now submitted a brief on the issue of the Court's personal jurisdiction over both Entrevoice and Cornejo in this action. *See* Order (June 21, 2019), ECF No. 10; Resp. to Order to Show Cause, ECF No. 12.

As explained in the remainder of this Order, the Court finds that it can exercise personal jurisdiction over Entrevoice, but not Cornejo. Accordingly, this action is dismissed as to Cornejo,

and Plaintiffs are directed to file an amended motion for class certification only as to Entrevoice within twenty-one days of today's Order.

DISCUSSION

Neither Entrevoice nor Cornejo is a resident of Georgia. The Court may exercise personal jurisdiction over a non-resident defendant only if (1) jurisdiction is appropriate under the long-arm statute of Georgia (the state where the Court sits) and (2) the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (applying this test in a federal question action). Plaintiffs have the burden of presenting "sufficient facts to make out a prima facie case of jurisdiction." *Id.* at 1257 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

The Due Process Clause of the Fourteenth Amendment requires that "individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign[.]'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (first alteration in original) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgment)). With this "fair warning" requirement, "the Due Process Clause 'gives a degree of

predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit[.]'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The courts recognize two types of jurisdiction that are consistent with the Due Process Clause: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Court may exercise general jurisdiction over a nonresident if the nonresident has contacts with Georgia that "are so 'continuous and systematic' as to render [her] essentially at home in" Georgia. *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Id.* at 924.

A. Defendants' Contacts with Georgia

Because no discovery has been conducted in this action, the Court's jurisdiction decision is based upon the factual allegations in Plaintiffs' complaint, which the Court accepts as true given that Defendants are in default. Here, Plaintiffs allege that Cornejo and Entrevoice had three contacts with Georgia. The first contact is Entrevoice's autodialed phone call to the Georgia Plaintiff who has a cell phone number with a Georgia area code (706). Compl. ¶¶ 30, 32-38, ECF No. 1. The Georgia Plaintiff

4

hung up on this call after a man named Robert with Entrevoice came on the line. *Id*. ¶¶ 39-40. There is no allegation that Cornejo placed that call. The second contact is Cornejo's subsequent follow-up call to the Georgia Plaintiff advertising Entrevoice services. *Id*. ¶ 41. There is no allegation that this phone call violated the TCPA. The third contact is Cornejo's follow-up email to the Georgia Plaintiff. *Id*. ¶ 42. There is no allegation that this email violated the TCPA.

B. Personal Jurisdiction Over Cornejo

Even if these minimal contacts satisfy Georgia's long-arm statute, the exercise of personal jurisdiction over Cornejo based on these limited contacts would offend due process. Plaintiffs allege no facts to support general jurisdiction over Cornejo. It appears undisputed that her domicile is not Georgia. Therefore, jurisdiction can only be exercised over her if the Court has specific jurisdiction arising from the claims against her in this action.

"In specific personal jurisdiction cases, [the Court] appl[ies] the three-part due process test, which examines: (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' [herself] of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether

the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355. Plaintiffs do not allege sufficient facts to establish that any of their claims arise from or relate to any of Cornejo's contacts with Georgia. "In this Circuit, . . . a tort 'arise[s] out of or relate[s] to' the defendant's [contact with the forum state] if the [contact] is a 'but-for' cause of the tort." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018) (alterations in original) (quoting *Oldfield v. Pueblo De Bahia Lora*, S.A., 558 F.3d 1210, 1222-23 (11th Cir. 2009)).

Here, the only contacts that Plaintiffs allege Cornejo herself purposefully made with Georgia are her follow-up phone call and email to the Georgia Plaintiff. Both these contacts occurred after the Georgia Plaintiff suffered the harm underlying his cause of action in this case—receiving the first phone call which was an autodialed solicitation from another Entrevoice employee.[1] Therefore, Cornejo's follow-up phone call and email were not the but-for cause of the Georgia Plaintiff's harm; thus Cornejo's contacts with Georgia do not arise out of or relate to Plaintiffs' cause of action. Accordingly, the Court cannot

---

[1] Plaintiffs do not argue that Entrevoice's contacts with Georgia can be imputed to Cornejo by virtue of her role as CEO of the company.

6

exercise personal jurisdiction over Cornejo, and Plaintiffs' claims against her must be dismissed.

### C. Personal Jurisdiction Over Entrevoice

Based on the allegations in Plaintiffs' complaint, the Court finds that it can exercise personal jurisdiction over Entrevoice. Those factual allegations, which are taken as true given Entrevoice's default, establish that Entrevoice transacted business in Georgia, Entrevoice's violations of the TCPA and corresponding harm to the Georgia Plaintiff arose directly from that transaction of business, and Entrevoice purposefully directed its conduct at Georgia by using an autodialer to call a cell phone with a Georgia area code. *See* O.C.G.A. § 9-10-91(1) (permitting the exercise of Georgia long-arm jurisdiction over a defendant who "[t]ransacts any business within this state"); *Keim v. ADF Midatlantic, LLC*, 199 F. Supp. 3d 1362, 1370 (S.D. Fla. 2016) (finding Constitutional Due Process requirements met in TCPA case where a defendant text messaged phone numbers affiliated with the forum state).

### D. Plaintiffs' Pending Motion for Class Certification

Plaintiffs' pending motion for class certification (ECF No. 9) seeks certification of a class with claims against both Cornejo and Entrevoice. In light of today's ruling dismissing one of the class Defendants, this class cannot be certified. Accordingly, Plaintiffs' pending motion for class certification is

7

denied. However, today's Order does not prevent Plaintiffs from pursuing their class claims against Entrevoice. If Plaintiffs wish to pursue class certification of those claims, Plaintiffs shall file an amended motion for class certification as to Entrevoice only within twenty-one days of today's Order.

CONCLUSION

Plaintiffs' claims against Cornejo are dismissed for lack of personal jurisdiction, and Plaintiffs' pending motion for class certification (ECF No. 9) is denied. If Plaintiffs wish to pursue class certification as to their claims against Entrevoice only, they shall file an amended motion for class certification within twenty-one days of today's Order.

IT IS SO ORDERED, this 25th day of July, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA